LARRY COFFMAN,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )       No. 4:05CV2401(JCH)
                                        )
ALAN BLAKE, et al.,                     )
                                        )
                Defendants.             )


## ORDER AND MEMORANDUM

This matter is before the Court upon the application of
Larry Coffman for leave to commence this action without payment of
the required filing fee [Docs. #3 and #5]. <u>See</u> 28 U.S.C.
§ 1915(a). Upon consideration of the financial information
provided with the application, the Court finds that the applicant
is financially unable to pay any portion of the filing fee.
Therefore, plaintiff will be granted leave to proceed in forma
pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the
action is frivolous, malicious, fails to state a claim upon which
relief can be granted, or seeks monetary relief against a defendant
who is immune from such relief. An action is frivolous if "it
lacks an arguable basis either in law or in fact." <u>Neitzke v.</u>

<u>Williams</u>, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978), <u>cert.</u> <u>denied</u>, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

## The complaint

Liberally construing the complaint, plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Named as defendants are Alan Blake, Matt Blunt, Jon Rosenboom, Diane McFarland, Karen Adams, Melissa Ring, M. Bellew-Smith, Julie Inman, Jay Englehart, Linda Meade, Jamie Hackman, Nancy Crump, and the Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

## Discussion

The instant complaint is a virtually incomprehensible jumble of case citations and broad assertions that plaintiff - a person who is civilly detained as a sexually violent predator - may not be subjected to conditions amounting to punishment. To the extent that plaintiff is attempting to assert that confinement at the Missouri Sexual Offender Treatment Center (MSOTC) in Farmington, Missouri constitutes punishment in violation of his constitutional rights, the instant complaint is duplicative of the thirty-seven other (and mostly more comprehensible) civil actions plaintiff has filed with the Court. Furthermore, plaintiff does not allege how the named defendants are personally and directly responsible for the alleged violations of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Finally, to the extent that plaintiff seeks relief against District Judge E. Richard Webber for failing to grant

plaintiff relief in a case filed in this Court, Judge Webber is immune from liability for damages under § 1983 for actions taken in his judicial capacity. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Docs. #3 and #5] are **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of April, 2006.


**/s/ Jean C. Hamilton**

**UNITED STATES DISTRICT JUDGE**